(Judge Hull of the sixth circuit, sitting in the place of Judge Marvin.)

IN RE ARTHUR SQUIRES V. A. WIENER, DIRECTOR OF CHARITIES, ET AL

1. REGULATION OF WORKHOUSES IN CITIES SECOND GRADE, FIRST CLASS.

While sec. 2104, Rev Stat., relating to the regulation and management of a workhouse in a city of the second grade, first class, may be general in its nature, it is not of general interest to all the inhabitants of the state, and is not within Cincinnati v. Steinkamp, 54 Ohio St., 284. That portion of the statute is not, therefore, invalid because the classification applies, in fact, to only one city in the state.

2. PORTIONS OF STATUTES RELATING TO CITIES AND COUNTIES SEPARABLE.

That portion of the statute, pertaining exclusively to a city of the grade and class described, is not so connected with or dependent upon that portion of the statute pertaining to counties, containing cities of the grade and class referred to, as to render the whole statute invalid should the latter portion be held to be unconstitutional.

3. VAGRANCY AND ITS PUNISHMENT.

Sections 2108, 2109 and 2110, Rev. Stat., give cities of the grade and class referred to, power to pass ordinances as to vagrancy and punishment, but, instead of following that course, a city may, under sec. 2110, *supra*, waive its option and proceed under sec. 2104, Rev. Stat.

APPEAL from the Court of Common Pleas of Cuyaghoa county.

CALDWELL, J.

We can not hold that sec. 2104, Rev. Stat., is unconstitutional.

The portion of said section involved in this hearing is that which pertains not to the county, but purely to a city of the first class and and second grade, and the subject of litigation in said portion of the section is the regulation and management of the workhouse by the city, which subject, while it may be general in its nature, is not one of general interest to the inhabitants of the state. This being so, it is unlike Cincinnati v. Steinkamp, 54 Ohio St., 284, and may be accomplished by a classification of class and grade of cities.

We do not determine as to the constitutionality of this statute in the earlier part of the section, where it refers to a county containing a city of the first class and second grade, as that is not involved in this case. But we are satisfied that the statute is of such a nature that the part pertaining purely to a city might be separated from the part pertaining to the county.

Sections 2108, 2109 and 2110, Rev. Stat., give the city authority to pass an ordinance as to vagrancy and how it may punish it; but, instead of following the course it may, under sec. 2110, Rev. Stat., if it sees fit, waive its option and proceed under sec. 2104, the former section being optional. We think the city may proceed under sec. 2104.

The judgment is affirmed.

*L. F. Harms,* for plaintiff.

*T. H. Hogsett,* Director of Law, for defendant.